**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM GERARD SANGERVASI II, | No.    23-15923 |
| Plaintiff-Appellant, | D.C. No. 5:22-cv-07761-VKD |
| v. | |
| CITY OF SAN JOSE; EDGARDO GARCIA, individually, and in his official capacity as the former Chief of Police for the San Jose Police Department; ANTHONY MATA, as an individual, and in his official capacity as Chief of Police for the San Jose Police Department, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Virginia Kay DeMarchi, Magistrate Judge, Presiding[**]

Submitted January 14, 2025[***]

Before:  O'SCANNLAIN, KLEINFELD, and SILVERMAN, Circuit Judges

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

William Gerard Sangervasi II appeals pro se from the district court's dismissal of his complaint without leave to amend against defendants-appellees City of San Jose, former San Jose Police Department Chief of Police Edgardo Garcia, and Chief of Police Anthony Mata in their official and individual capacities (collectively, "Defendants"). Sangervasi contends that Defendants violated his First Amendment rights to free speech and the free exercise of his religion, and his Fourteenth Amendment right to equal protection, by implementing an outreach policy to the lesbian, gay, bisexual, transgender, and queer ("LGBTQ") community that included the use of a specialty LGBTQ flag and officer uniform patch, and the creation of a LGBTQ advisory board and liaison position. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015) and we affirm.

The district court properly dismissed Sangervasi's free speech and free exercise claims because Defendants were engaging in government speech and Sangervasi was speaking as a government employee. *See Pleasant Grove City, Utah v. Summum*, 555 U.S. 460, 467-468 (2009) (recognizing that Free Speech Clause does not regulate government speech, and that a government entity is ultimately accountable to electorate and political process for its advocacy); *Garcetti v. Ceballos*, 547 U.S. 410, 421-22 (2006) (recognizing that government as an employer can restrict speech by public employees made pursuant to their

professional responsibilities); *see also Shurtleff v. City of Boston, Mass.*, 596 U.S. 243, 247-48 (2022). The district court properly dismissed Sangervasi's equal protection claims because he failed to allege facts demonstrating a discriminatory intent. *See Monteiro v. Tempe Union High Sch. Dist.*, 158 F.3d 1022, 1026 (9th Cir.1998) (equal protection claim "must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent").

The district court did not abuse its discretion in denying leave to amend as futile. *See Coronavirus Rep. v. Apple, Inc.*, 85 F.4th 948, 958 (9th Cir. 2023) (reciting standard).

Having concluded that Sangervasi had failed to state any claim for violation of his constitutional rights and that amendment would be futile, and that therefore he was not likely to succeed on the merits of his claims, the district court did not abuse its discretion in concluding that Sangervasi had not met the standard for preliminary injunctive relief. *See Meinecke v. City of Seattle*, 99 F.4th 514, 520-21 (9th Cir. 2024).

Sangervasi's unopposed motion to correct the record, Dkt. Entry No. 13, is **GRANTED.** The clerk is ordered to file the amended excerpts of record, Dkt. Entry Nos. 14 and 15.

**AFFIRMED.**

3